UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHRISTOPHER'S PIZZA, INC.,

                              Plaintiff,

                                                              **Hon. Hugh B. Scott**

                    v.                                         03CV722

                                                              (CONSENT)

DIRECT CAPITAL CORPORATION,                                   **Order**

                              Defendant.


Before the Court is defendant's motion to opt out of this Court's Alternative Dispute Resolution (or "ADR") procedure (Docket No. 31).  The parties consented, on October 20, 2003, to proceed before the undersigned as Magistrate Judge (Docket No. 7).

## BACKGROUND

*Proceedings in this Action*

Plaintiff commenced this contract action in state court and this action was removed on the basis of diversity jurisdiction to this Court (see Docket No. 1).  After denying defendant's motion to dismiss (Docket No. 11, see Docket No. 4 (motion)), and defendant serving its Answer (Docket No. 12), the Court issued a scheduling Order (Docket No. 16) which, as amended (see Docket No. 24) had dispositive motions due by June 30, 2005, and scheduled a pretrial conference before Magistrate Judge Victor Bianchini for July 26, 2005 (Docket Nos. 26, 26, 28; docket text of minute entry of Magistrate Judge Bianchini of July 26, 2005).  According to defendant's present motion, this mediation session occurred in August 2005 (Docket No. 32,

Def. Atty. Aff. ¶¶ 5, 6), and the parties could not reach a settlement at that time.  Defendant states

that the parties retain their respective positions from that date (id. ¶ 6).  Defense counsel has

conferred with plaintiff's counsel and counsel agree that any further mediation would not benefit

either party (id. ¶ 7).  Therefore, defendant moves to opt out of ADR mediation (Docket No. 31).

Plaintiff filed an attorney's Affidavit in support of this defense motion (Docket No. 35).

Neither party has filed a dispositive motion before the June 2005 deadline or sought an

extension of that deadline.

*Referral to this Court's Pilot ADR Program*

On January 1, 2006, the Court adopted a pilot ADR program where currently pending

cases could be referred by the assigned judge, W.D.N.Y. Alternative Dispute Resolution Plan

("W.D.N.Y. ADR Plan"), Jan. 2006, Sec. 2.1(B), see also id. Sec. 1.2(C) (Magistrate Judge

consent cases).  On January 12, 2006, the Court ordered the parties to confer and select a

mediator under this ADR program within fifteen days of entry of the Order, to begin a mediation

session by March 13, 2006, and to complete mediation by July 31, 2006 (Docket No. 30).  The

Court also ordered a status conference for March 15, 2006 (id.; see also Docket No. 29).  Once

defendant filed the present motion to opt out of ADR, the Court issued a briefing schedule which

stayed these ADR referral deadlines (Docket No. 34).  That Order also scheduled responses to

this motion to be due by February 13, 2006, any reply by March 3, 2006, and argument of the

motion on the status conference date of March 15, 2006 (id.).  That Order also stayed the dates

for conducting the ADR mediation.  At argument of the motion, the parties requested time for

them to negotiate a settlement without court intervention and this motion was held in abeyance

for four weeks (until April 12, 2006) pending that resolution (see Docket No. 37).  A trial date also was set for May 30, 2006 (id.).  The parties were unable to achieve a settlement.

## DISCUSSION

This is a motion of first impression in this Court under its new pilot ADR program, posing the question of what constitutes sufficient "good cause" for parties to opt out of the ADR program.  Under that program, "any party may file, with the assigned Judge for that case, a motion to opt out of, or for relief from, ADR."  W.D.N.Y. ADR Plan, Sec. 2.2(A).  That motion is timely if made within ten days of referral of a case to ADR, id. Sec. 2.2(B).  An opt out motion "shall be granted only for 'good cause' shown.  Inconvenience, travel costs, attorney fees or other costs shall not constitute 'good cause.'  A party seeking relief from ADR must set forth the reasons why ADR has no reasonable chance of being productive."  Id. Sec. 2.2(C).  The present motion is the first filed under the Court's pilot ADR program.

One of the purposes of this pilot ADR program was to provide litigants with a "quicker, less expensive and potentially more satisfying alternative to continuing litigation, without impairing the quality of justice or the right to trial," id. Sec. 1.2(A).  Here, defendant argues that it engaged in settlement discussions before Magistrate Judge Bianchini in August 2005 and the action was not settled then, and the parties positions remain the same as back in August (Docket No. 32, Def. Atty. Aff. ¶¶ 5,6).  It concludes that "any further mediation session would be unproductive and result only in both parties incurring additional costs" (id. ¶ 6).  But additional costs alone is not sufficient basis for finding good cause to excuse parties from the ADR program, W.D.N.Y. ADR Plan Sec. 2.2(C), even if the mediation sessions (like a judicial further

3

pretrial or settlement conference) ultimately do not resolve the matter.  The purpose of the ADR program is to offer an alternative to full-blown litigation and trial.

    In other cases where parties recently have moved to opt out of ADR referral, <u>Buffalo Laborers Welfare Fund v. Geotechniques</u>, Case No. 05CV271, Docket Nos. 12 (motion to opt out), 16 (Decision and Order); <u>Buffalo Laborers Welfare Fund v. E.J. Militello</u>, Case No. 05CV548, Docket Nos. 17 (motion), 19 (Decision and Order), the Court rejected movants' contention that mediation was inappropriate since the underlying statute limited the ability for the parties to negotiate a settlement.  In one case, Judge Skrenty noted that movant's "primary objection to mediation here is their strong belief in the merits of their case.  In this Court's experience, that is a not-at-all-uncommon phenomenon and it is not sufficient reason to obtain relief from mediation," <u>Geotechniques</u>, Case No. 05CV271, <u>supra</u>, Docket No. 19, Decision and Order ¶ 7.

    Here, the parties' positions are similar, essentially relying upon their strong belief in their respective positions they appear unwilling to change their positions to discuss settlement further. Although the parties just engaged in settlement talks among themselves as well as the judicial conference before Judge Bianchini last summer, a second chance at mediation in front of a different, non-judicial neutral, allows the parties to reconsider their positions and re-evaluate the case.  Perhaps before a new neutral, the parties may change their position and resolve the matter or further refine the issues for eventual trial.  That neutral may apply creative solutions not yet considered by the parties or in prior conferences.  The cost of making this opt out motion, for example, may exceed the costs of actually conducting the mediation defendant objects to. Merely arguing that they tried once before a judicial officer (or even tried again among

4

themselves) is not sufficient good cause to excuse these parties from attempting mediation under the Court's new program.

At oral argument, the parties raised the concern about the mediator fee structure under the Court's ADR Plan. That fee structure is for subsequent sessions after the first two-hour session; for the initial two-hour session, each side is charged $150 per hour (or $300 total), after that the in session and preparation time rates of the mediator applies. W.D.N.Y. ADR Plan Secs. 5.3, 3.3. The amounts for the initial session are modest enough not to be a burden to either party, especially since neither party has argued poverty. Since mediation is party-driven, the need for subsequent sessions is in the hands of the parties.

## CONCLUSION

For the reasons stated above, defendant's motion to opt out of the Court-ordered ADR program (Docket No. 31) is **denied**. Therefore, within fifteen days of entry of this Order, or by **May 11, 2006**, the parties shall confer and select a Mediator as provided in the previous Order (Docket No. 30). The initial mediation session shall occur no later than **June 9, 2006**, and mediation shall conclude on **August 11, 2006**, with the parties to make the required submissions as scheduled in the previous Order (Docket No. 30). The trial date of May 30, 2006, is **adjourned** pending the mediation process. If this action is not settled by August 11, 2006, a Final Pretrial Order will be entered rescheduling the trial.

So Ordered.

/s/ Hugh B. Scott
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 26, 2006